IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

PATRICK WESLEY,

    Plaintiff,

v.

BUREAU OF COLLECTION RECOVERY, LLC, a Minnesota limited liability company,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Patrick Wesley, is a natural person.

8. The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Bureau of Collection Recovery, LLC, is a Minnesota limited liability company operating from an address at 7575 Corporate Way, Eden Prairie, Minnesota, 55344.

11. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Wells Fargo (hereinafter the "Account").

17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection (Defendant's Reference Number 43374074).

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all communication on the Account.

22. In the year prior to the filing of the instant action the Plaintiff received telephone call(s) from the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant who were attempting to collect the Account.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant in response to the telephone calls.

24. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

25. The Defendant's purpose for these telephone call(s) was to attempt to collect the Account.

26. The telephone call(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

27. The telephone call(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

31. In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that his dispute of the Account had to be in writing.

32. The representation stated in paragraph 31 was false and was a false representation in connection with the collection of a debt, the Account.

33. In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that he had to pay the Account to get the Account out of Chex Systems.

34. The representation stated in paragraph 33 was false and was a false representation in connection with the collection of a debt, the Account.

35. In the year prior to the filing of the instant action the Defendant and / or a representative, employee and / or agent of the Defendant attempting to collect the Account represented to the Plaintiff that he will not be able to get another bank account and that his bank account(s) at other banks could be frozen and / or closed if the Account was not paid.

36. The representations stated in paragraph 35 were false and were false representations in connection with the collection of a debt, the Account.

37. The statements and actions were undertaken by the Defendant and its representative(s), employee(s) and / or agent(s) as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

38. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

39. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(4), e(5), e(8), e(10) and e(11).

40. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

41. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

42. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were willful and intentional violations of the FDCPA.

43. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## **RESPONDEAT SUPERIOR**

44. The representative(s) and / or collector(s) at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

45. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

46. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

47. The representative(s) and / or collector(s) at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

48. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

49. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## **COUNT I, FDCPA VIOLATIONS**

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(4), e(5), e(8), e(10), e(11) and § 1692f preface.

52. The Defendant's violations are multiple, willful and intentional.

53. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff